# UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| ERIC RAMON BUCHANAN, | Case No. 2:24-cv-00187-REP |
| Plaintiff, | **THIRD** ORDER EXTENDING SERVICE DEADLINE |
| vs. | |
| OFFICER CASEY ZIEGLER, OFFICER MATHEW SYCHIA, OFFICER MATHEW EDWARDS, PROSECUTING ATTORNEY MOLLY NIVISON, JUDGE RICH CHRISTENSEN, | |
| Defendants. | |

This action was filed on April 9, 2024. (Dkt. 1.) The deadline for Plaintiff to effectuate service was July 8, 2024. Fed. R. Civ. P. 4(c)(1) and 4(m) (the "plaintiff is responsible for having the summons and complaint served" within "90 days after the complaint is filed."). Plaintiff never filed a status report on service of process as required by Dist. Idaho L. Rule 4.1. Nor had Plaintiff filed proof of service with the Court as required by Federal Rule of Civil Procedure 4(l). In such circumstances, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

In accordance with this Rule, on August 15, 2024, the Court permitted Plaintiff 30 additional days to perfect service. *See* Order Extending Service (Dkt. 2). Then, on September 13, 2024 (three days before the amended service date), Plaintiff moved for an extension of time to effectuate service. *See* Mot. to Extend (Dkt. 4) ("The Plaintiff has been unable to obtain process service for one or more of the Defendants. The Plaintiff has hired a new process service provider and said contractor is confident that we should have all Summons served in the next few weeks.").

On September 16, 2024, the Court granted Plaintiff's request and permitted Plaintiff 30 additional days to perfect service. *See* Second Order Extending Service (Dkt. 5) (warning Plaintiff that "[f]ailure to effectuate service by this deadline may result in the dismissal of this action without prejudice under Rule 4(m) without further notice to Plaintiff"). Then, on October 16, 2024 (the date of the extended service deadline), Plaintiff again moved for an extension of time to effectuate service. *See* Mot. to Extend (Dkt. 6). This time, however, Plaintiff did not express any service-related issues, other than to say: "The Plaintiff requires an extension to ensure that all administrative processes have been exhausted prior to service." *Id*. at 1.

The Court will grant Plaintiff's latest Motion, but notes that, while his latest reference to "exhaustion" issues may speak to the ripeness of his claims, they do not operate to postpone his service obligations under the Federal Rules of Civil Procedure. Plaintiff has 14 additional days, from the date of this Third Order, to once-and-for-all perfect service. **Failure to effectuate service by this deadline may result in the dismissal of this action without prejudice under Rule 4(m) without further notice to Plaintiff.**

## ORDER

**Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff shall properly serve Defendants and file proof of that service with the Court by November 4, 2024. Failure to file proof of service with the Court by this deadline may result in the dismissal of this action without prejudice.**

DATED: October 21, 2024

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge