**UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| ERIC RAMON BUCHANAN, | Case No.: 2:24-cv-00187-BLW-REP |
| Plaintiff, | **REPORT AND RECOMMENDATION RE:** |
| vs. | |
| OFFICER CASEY ZIEGLER, OFFICER MATTHEW SYCHLA, OFFICER MATHEW EDWARDS, PROSECUTING ATTORNEY MOLLY NIVISON, JUDGE RICH CHRISTENSEN, | **DEFENDANT JUDGE RICH CHRISTENSEN'S MOTION TO DISMISS (Dkt. 18)** |
| Defendants, | **DEFENDANT MOLLY NIVISON'S MOTION TO DISMISS (Dkt. 21)** |

Pending before the Court are (i) Defendant Judge Rich Christensen's Motion to Dismiss (Dkt. 18), and (ii) Defendant Molly Nivison's Motion to Dismiss (Dkt. 21). For the reasons that follow, Plaintiff's claims against these Defendants are without merit. The undersigned therefore recommends that Defendants' Motions to Dismiss be granted.[1]

## I. BACKGROUND

Plaintiff Eric Ramon Buchanan brings this action against multiple defendants, relating to his April 14, 2023 arrest in Coeur d'Alene, Idaho. Plaintiff's Complaint makes the following allegations as to each Defendant:

**[Defendant Officers] Casey Ziegler, Matthew Sychla, Mathew Edwards:**

On the night of 4/14/23 Officers Casey Ziegler, Matthew Sychla, and Mathew Edwards conspired to deprive me of my rights by attempting to conduct a sting

---

[1] This action was originally assigned to the undersigned on April 9, 2024. However, when the parties did not consent to magistrate judge jurisdiction, the action was reassigned to U.S. District Judge B. Lynn Winmill on January 8, 2025. Judge Winmill referred the action back to the undersigned the same day. *See* Order Referring Case (Dkt. 28) (instructing the undersigned to enter reports and recommendations on dispositive matters).

**REPORT AND RECOMMENDATION - 1**

operation on me based on unfounded and unverified hearsay. They followed me from my home in Washington State into Coeur d'Alene, Idaho. The officer pulled me over under the guise of not properly using my blinker. Even though the state's evidence (officer's dash cam) clearly shows that I did use my blinker. There were four police cars behind me when they turned on their emergency lights. None of the vehicles were marked. I feared for my life and did not stop. Then ended their pursuit, so I pulled into a side street and got out of the truck. When the officers caught up to me, they arrested me at gun point and proceeded to call me names and harass me. They then further violated my due process rights by kidnapping me, taking me to the Kootenai County jail, sexually assaulting me, exposing me to radiation against my will, stole my personal belongings. Then they threatened me multiple times, trying to coerce and force a confession of guilt that previously had drugs on me which I did not. Then I was left in jail for four days before being granted the ability to see a judge and bail out.

**[Defendant] Molly Nivison:**

On or about 5/03/2023 Molly Nivison was given my case CR28-23-6840 and Discovery which clearly shows the Officers Casey Ziegler and Matthew Sychla lying about how the traffic stop was initiated yet she still proceeded to prosecute. Allowing my Civil and Due Process rights to continue to be violated. On 9/21/2023 I filed a Live Life Claim, Common Law Copyright, and my Nationality on a FOIA letter from Homeland Security. On 1/22/2024 I petitioned to Dismiss criminal case with prejudice sighting multiple law violations, and finally asked for her FARA registration. All have been ignored or objected to.

**[Defendant Judge] Rich Christensen:**

On 9/21/2023 I filed a Live Life Claim, Common Law, Copyright, Nationality FOIA letter. On 1/22/2024 I filed to Dismiss Criminal Case with Prejudice citing, Unconstitutional, Ex Parte, Self-Incrimination through forced plea, Jurisdiction defects and Unresolved Jurisdiction issues. On 2/07/2024 I filed a Writ of Quo Warranto on the Prosecutor on 2/15/2024 presented violation warning of 18 USC section 242 in form of a COL all were ignored and denied. As acting Judge who is expected to be impartial, Judge Christensen became belligerent and he threatened me numerous time with contempt for asking questions.

Compl. at Att. (Dkt. 1). These allegations correspond to claims for abuse of power, conspiracy, and harassment, alongside violations of the First and Fifth Amendments to the U.S. Constitution, the Patriot Act, Title VII of the Civil Rights Act, and 18 U.S.C. §§ 241, 242, and 514. *Id*. at 3 & Att. Plaintiff in turn seeks $15,184,000.00 in damages. *Id*. at 5.

**REPORT AND RECOMMENDATION - 2**

Two Defendants – Defendants Christensen and Nivison – move to dismiss Plaintiff's claims against them.  Defendant Christensen preliminarily argues that Plaintiff's claims against him should be dismissed pursuant to Rules 12(b)(4) and 12(b)(5) for insufficient process and improper service of process.  Mem. ISO MTD at 4-6 (Dkt. 18-1).  He more substantively argues that Plaintiff's claims against him are barred by the doctrine of judicial immunity, and therefore should be dismissed under Rule 12(b)(6).  *Id*. at 6-7.  Defendant Nivison also argues that Plaintiff's claims against her must be dismissed under Rule 12(b)(6) because, as the prosecuting attorney in Plaintiff's underlying criminal case, she too is absolutely immune from liability.  Mem. ISO MTD at 3-5 (Dkt. 21-1).  Each of these arguments is addressed below.

## II.  LEGAL STANDARDS

### A.    Motion to Dismiss: Rules 12(b)(4) and 12(b)(5)

Rule 12(b)(4) permits a court to dismiss a claim if there was insufficient process, while Rule 12(b)(5) permits a court to dismiss a claim if there was insufficient service of process.  *See* Fed. R. Civ. P. 12(b)(4)-(5).  "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," whereas a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."  5B Wright & Miller, *Federal Practice and Procedure*, § 1353, at 334-35 (3d ed. 2004).  Under Rule 4(m), if a defendant is not properly served, "the court – on motion or on its own after notice to plaintiff – must dismiss the action without prejudice as to that defendant or order that service be made in a specified time."  Fed. R. Civ. P. 4(m).

### B.    Motion to Dismiss: Rule 12(b)(6)

The purpose of a motion to dismiss brought under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

**REPORT AND RECOMMENDATION - 3**

sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff is required to allege "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). But the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## III. <u>REPORT</u>

**A.    Defendant Christensen's Motion to Dismiss (Dkt. 18)**

Process under Rule 4 is any paper which subjects a person to the court's jurisdiction or requires them to comply with the court's demands. Rule 4 identifies what must be included for valid process: namely, the summons and the complaint. *See* Fed. R. Civ. P. 4(c)(1). Relevant

here, a valid summons must: (i) state the name of the court and parties; (ii) be directed to the defendant; (iii) state the name and address of the plaintiff when the plaintiff is unrepresented; (iv) state the time the defendant has to appear and defend against the complaint; (v) notify the defendant that failure to appear will result in a default judgment for the plaintiff; (vi) be signed by the clerk; and (vii) bear the court's seal. Fed. R. Civ. P. 4(a)(1)(A)-(G).

Defendant Christensen takes issue with two aspects of this required process. First, he claims that the summons was not addressed to him, but to Defendant Nivison. Mem. ISO MTD at 4 (Dkt. 18-1); Christensen Decl. at ¶ 4 (Dkt. 18-2); Ex. A to Christensen Decl. (Dkt. 18-3). Second, he notes that it lacked the signature of the Court clerk (though it bore the Court's seal). *Id*. Defendant Christensen then complains that service of process was insufficient because, in addition to the defective summons itself (*supra*), he received only an incomplete and unfiled version of Plaintiff's Complaint. Mem. ISO MTD at 5 (Dkt. 18-1); Christensen Decl. at ¶ 5 (Dkt. 18-2); Ex. A to Christen Decl. (Dkt. 18-3). Defendant Christensen argues that these circumstances warrant dismissal under both Rules 12(b)(4) and 12(b)(5). The Court generally agrees.

To begin, "the distinction between Rule 12(b)(4) and 12(b)(5) is not always clear, nor always observed." *United States v. Hafner*, 421 F. Supp. 2d 1220, 1223 n.3 (D.N.D. 2006). Owing to the blurred lines between these two Rules, the Court will briefly analyze Defendant Christensen's objections under Rule 12(b)(4) and 12(b)(5) together.

As an initial matter, that the summons was not actually signed by the Court clerk is not a troubling concern. The summons contained the Court's seal, identified the Court clerk who issued the summons, and included the date and time the summons was issued. Ex. A to Christen Decl. (Dkt. 18-3). Court protocol permits Court-issued documents to be filed without original signatures, consistent with the District's electronic filing procedures. *See, e.g.*, Dist. of Idaho

**REPORT AND RECOMMENDATION - 5**

Electronic Case Filing Procedures at ¶¶ 7, 12 (2023) ("Any order or other Court-issued document filed electronically without the original signature of a judge or clerk has the same force and effect as if the judge or clerk had signed a paper copy of the order and it had been entered on the docket in a conventional manner.").  That the summons was not addressed to Defendant Christensen, however, is clearly more problematic.  And while Rule 4 is to be "liberally construed so long as a party receives sufficient notice of the complaint," here, Defendant Christensen explains that he received only a portion of Plaintiff's Complaint – indeed, one that altogether omitted Plaintiff's allegations against him.  *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also* Christensen Decl. at ¶ 5 (Dkt. 18-2); Ex. A to Christensen Decl. (Dkt. 18-3).  Together, these deficiencies in process and service of process represent sufficient grounds to grant Defendant Christensen's Motion to Dismiss under Rules 12(b)(4) and 12(b)(5).

But even if Plaintiff satisfied Rule 12(b)(4) and 12(b)(5) standards, his claims against Defendant Christensen confront a more imposing hurdle: absolute judicial immunity.  As the Ninth Circuit has noted, "[c]ourts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process."  *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1986).  "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  "A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."  *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (citations omitted); *see also Reynaga Hernandez v. Skinner*, 969 F.3d 930, 937 n.1 (9th Cir. 2020) ("Judges are also entitled to absolute immunity from damages suits.").  "Absolute judicial immunity insulates judges from charges of erroneous acts or

irregular action." *Id*. (internal quotation marks and citation omitted); *see also Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (judicial immunity "applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff") (internal quotation marks and citation omitted).

Against this standard, Plaintiff's allegations against Defendant Christensen, though confusing, reflect a disagreement with Defendant Christensen's handling of Plaintiff's criminal matter in state court. *See* Compl. at Att. ("As acting Judge who is expected to be impartial, Judge Christensen became belligerent and he threatened me numerous time with contempt for asking questions."). Nothing in Plaintiff's Complaint immediately suggests that Plaintiff is complaining that Defendant Christensen performed a non-judicial act beyond his official judicial duties. That said, Plaintiff's opposition to the Motion to Dismiss goes further, hinting at jurisdictional issues under Article III of the U.S. Constitution. *See* Opp. to MTD at 1-2 (Dkt. 26). These allegations resemble "sovereign citizen theories" which many courts have "routinely and summarily rejected." *Richmond v. Cockrum*, 2020 WL 2494566, at *3 (N.D. Cal. 2020) (collecting cases). At bottom, because Plaintiff's claims against Defendant Christensen are ultimately based on acts typically performed by judges presiding over criminal proceedings, Defendant Christensen is absolutely immune from suit.

Defendant Christensen's Motion to Dismiss should be granted.

**B.    Defendant Nivison's Motion to Dismiss (Dkt. 21)**

Plaintiff generally alleges that Defendant Nivison, the prosecuting attorney in the criminal case against Plaintiff in Idaho state court, wrongly prosecuted him. Defendant Nivison responds that her actions in prosecuting Plaintiff were all part of her prosecutorial duties and, consequently, she is absolutely immune from liability. Mem. ISO MTD at 3-5 (Dkt. 21-1). The undersigned agrees.

**REPORT AND RECOMMENDATION - 7**

"Prosecutor[s] ha[ve] absolute immunity from a Section 1983 claim for damages for activities associated with the judicial phase of the criminal process, including deciding whether to prosecute and what evidence to present." *Huskic v. Ada Cnty.*, 2024 WL 4417692, at *3 (D. Idaho 2024) (citing *Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022)). This immunity applies "when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."). However, a prosecutor is entitled only to qualified immunity when performing administrative actions or investigative functions not closely related to either trial preparation or the trial process. *See Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016).

Determining whether a prosecutor is entitled to absolute or qualified immunity is an "inexact science." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012). Courts take a "functional approach" to determine whether conduct is prosecutorial, *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993), and consider the "nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988). "In applying this approach, [the court] distinguish[es] between acts of advocacy, which are entitled to absolute immunity, and administrative and 'police-type' investigative acts which are not. To qualify as advocacy, an act must be 'intimately associated with the judicial phase of the criminal process.'" *Patterson v. Van Arsdel*, 883 F.3d 826, 830 (9th Cir. 2018) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

Here, Plaintiff's Complaint takes issue with Defendant Nivison "proceed[ing] to prosecute" him and "allowing [his] Civil and Due Process rights to continue to be violated."

**REPORT AND RECOMMENDATION - 8**

Compl. at Att. (Dkt. 1).  These allegations – scant as they are – speak to activities intimately associated with the judicial phase of the criminal process.  They are acts of advocacy performed while serving as an officer of the court and, thus, fall squarely within the confines of the immunity afforded to prosecutorial decisions.  *See Imbler*, 424 U.S. at 427 (when prosecutorial immunity applies, a plaintiff's claims are barred, even if it leaves the plaintiff "without civil redress against a prosecutor whose malicious or dishonest actions deprives him of liberty.").

Plaintiff's Response to Defendant Nivison's Motion to Dismiss does not change the analysis.  Therein, he suggests that Defendant Nivison retaliated against him when he did not accept a plea bargain.  *See* Opp. to MTD at 2 (Dkt. 26-1).  Regardless of whether this allegation is true or properly considered in this procedural setting, the decision to go forward with a case after a defendant's rejection of a plea offer is conduct that is squarely prosecutorial in nature and protected by absolute immunity.  *See, e.g.*, *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1149-50 (2d Cir. 1995) (prosecutor's actions in negotiating and later breaching agreement not to prosecute was analogous to a plea bargain, which is entitled to absolute immunity).  Defendant Nivison is entitled to absolute immunity.

Defendant Nivison's Motion to Dismiss should be granted.

## IV.  RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.    Defendant Judge Rich Christensen's Motion to Dismiss (Dkt. 18) be GRANTED and Plaintiff's claims against him be dismissed with prejudice; and

2.    Defendant Molly Nivison's Motion to Dismiss (Dkt. 21) be GRANTED and Plaintiff's claims against her be dismissed with prejudice.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections,

not to exceed twenty (20) pages . . . within fourteen (14) days . . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed twenty (20) pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

DATED: June 10, 2025



_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 10**